UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DR. ONOYOM UKPONG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CAUSE NO. 3:19-cv-00218-E |
| | § | |
| INTERNATIONAL LEADERSHIP | § | |
| OF TEXAS AND KAREN MARX, | § | |
| INDIVIDUALLY AND IN HER | § | |
| OFFICIAL CAPACITY AS PRINCIPAL, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

The Court stayed this case pending a ruling on Defendants' Motion for Summary Judgment. The stay is now lifted. The Court has carefully considered the motion for summary judgment (Doc. 74), the response, and the reply, as well as the supporting appendices, applicable law, and any relevant portions of the record. For reasons that follow, the Court grants Defendants' motion.

### Background

Plaintiff, Dr. Onoyom Ukpong, was pro se when he initiated this lawsuit in state court against Defendant International Leadership of Texas (ILT). He is now represented by counsel. ILT timely removed the case to this Court on the basis of federal question jurisdiction. After removal, Plaintiff amended his complaint and added Karen Marx as a defendant.

Plaintiff's First Amended Complaint alleges he was employed as an art teacher by ILT. ILT runs charter schools, including Garland High School, where Plaintiff worked. Defendant Marx was the Principal of Garland High School, employed in a managerial capacity by ILT, and Plaintiff's immediate supervisor. After Plaintiff's employment was terminated, he filed this action.

1

He asserts claims under 42 U.S.C. § 1981 for race discrimination, hostile work environment, retaliation, and disparate treatment and claims under Title VII of the Civil Rights Act of 1964 for race discrimination, harassment, disparate treatment, and hostile work environment. Plaintiff further asserts state law claims for vicarious liability, negligence, negligent hiring, and intentional infliction of emotional distress. Defendants have moved for summary judgment on all Plaintiff's claims.

To be entitled to summary judgment, a party must show there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The party moving for summary judgment bears the initial burden of informing the court of the basis for the motion and identifying the portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Meinecke v. H & R Block of Houston*, 66 F.3d 77, 81 (5th Cir. 1995). If the movant meets its burden, the burden shifts to the nonmovant to establish the existence of a genuine issue for trial. *Id.* In ruling on the summary judgment motion, this Court reviews the evidence and the inferences to be drawn therefrom in the light most favorable to the nonmovant. *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994).

**Sovereign Immunity**

First, Defendants assert sovereign or governmental immunity bars suit or liability for Plaintiff's state-law tort claims. They argue that ILT is an open-enrollment charter school and open-enrollment charter schools and their employees are immune to the same extent as a school district and its employees.

In 2011, the Texas Supreme Court held that open-enrollment charter schools are governmental units for purposes of the Texas Tort Claims Act. *LTTS Charter School, Inc. v. C2 Constr., Inc.*, 342 S.W.3d 73, 82 (Tex. 2011). Thereafter the Texas Legislature amended the

education code to expressly provide that an open-enrollment charter school is a governmental unit as defined by the tort claims act. TEX. EDUC. CODE ANN. § 12.1056(b). Section 12.1056 further provides that in matters related to operation of an open-enrollment charter school, an open-enrollment charter school or charter holder is immune from liability and suit to the same extent as a school district, and the employees of such a school are immune from liability and suit to the same extent as school district employees. *Id.* § 12.1056(a).

Defendants' summary judgment evidence includes the declaration of Edward Conger, who has worked as ILT's District Superintendent since 2013. He is the chief executive officer of ILT's campuses in Texas. The declaration states that ILT is classified as an open-enrollment charter school by the Texas Education Agency (TEA). The ILT Garland High School location is an open-enrollment charter school. Admission and enrollment is open to persons who reside within the geographic boundaries set out in the school's charter. For a student to be admitted, the parent must follow established guidelines for the admission and lottery process. ILT is accountable to the State of Texas through oversight of its charter and the receipt of substantial public funding.

Defendants also ask the Court to take judicial notice of the TEA's website. ILT Garland High School is on the TEA's list of open-enrollment charter schools. *See* https://pryor.tea.state.tx.us/Charter/Forms/ReportViewerPublic.aspx?reportid=rpt_certain_grade.rpt. It is appropriate for the Court to take judicial notice of information posted on a government website. *See Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005); *see also* FED. R. EVID. 201(d) (court may take judicial notice at any stage of proceeding).

Plaintiff does not dispute that open-enrollment charter schools are entitled to sovereign immunity. He contends Defendants cannot prove ILT is an open-enrollment charter school. Without citation to authority, Plaintiff asserts Conger's declaration is not definite proof because

Conger is an employee. Citing ILT's website, Plaintiff argues that ILT's procedures for admission suggest it is not an open-enrollment school. Plaintiff also cites the fact that ILT is a corporation, not a governmental entity. The Court does not find this argument persuasive as open-enrollment charters are typically held and run by non-profit corporations. *See Honors Academy, Inc. v. Tex. Educ. Agency*, 555 S.W.3d 54, 57 (Tex. 2018).

The Court concludes Defendants have established that ILT is an open-enrollment charter school. Plaintiff has failed to produce evidence raising a genuine issue of material fact on this issue. Accordingly, Defendants are immune from suit as to Plaintiff's state-law tort claims.

Defendants also contend they are entitled to summary judgment on Plaintiff's § 1981 claims under the doctrine of Eleventh Amendment sovereign immunity. They argue that because ILT is an open-enrollment charter school, it and its employees are entitled to the protections of sovereign immunity as to the § 1981 claims, unless that immunity has been waived by the State of Texas or abrogated by Congress.

The Eleventh Amendment provides that the "judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state." U.S. CONST. amend. XI. The reference to actions "against one of the United States" encompasses not only actions in which a State is actually named as a defendant, but also certain actions against state agents and state instrumentalities. *Southwestern Bell Tel. Co. v. City of El Paso*, 243 F.3d 936, 937 (5th Cir. 2001). In federal courts, § 1981 claims against a state entity are barred by the Eleventh Amendment. *Muhammad v. Dallas Cty. Cmty. Supervision & Corr. Dep't*, No. 3:03-CV-1726-M, 2007 WL 2457615, at *3 (N.D. Tex. Aug. 30, 2007). Section 1981 does not waive a state's Eleventh Amendment immunity. *Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1069 (5th Cir. 1981).

Plaintiff argues that Defendants cannot claim immunity from liability because ILT removed the case from state court. Plaintiff also states, "To be sure, the Defendants have not filed an Answer in this case, and the Motion for Summary Judgment following the denial of its Motion to Dismiss, is the first time it has asserted immunity." These arguments lack merit. When ILT removed the case to federal court, it voluntarily invoked the court's jurisdiction and waived its immunity from *suit* in federal court. *See Meyers ex rel. Benzing v. Tex.*, 410 F.3d 236, 255 (5th Cir. 2005). A state defendant may continue to assert immunity from *liability* even after removal to federal court. *Cephus v. Tex. Health & Human Servs. Comm'n*, 146 F. Supp. 3d 818, 828–29 & n.3 (S.D. Tex. Nov. 19, 2015) (citing *Meyers*, 410 F.3d at 255). In addition, contrary to Plaintiff's assertion, Defendants did answer the amended complaint and their answer lists the doctrine of sovereign and/or governmental immunity as an affirmative defense. The Court concludes Defendants are entitled to summary judgment on Plaintiff's § 1981 claims.

## Title VII Claims

Next, the Court addresses Plaintiff's Title VII claims. Defendants have moved for summary judgment on these claims on grounds that they are time barred. A civil action under Title VII must be brought within 90 days of receipt of a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC). *Wright v. Arlington Indep. Sch. Dist.*, 834 Fed. App'x 897, 901 (5th Cir. 2020); *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992); *see* 42 U.S.C. § 2000e-5(f). Defendants contend Plaintiff did not file suit within that time frame.

Plaintiff's amended complaint alleges he exhausted his administrative remedies and "has been issued a "Right to Sue." As Plaintiff acknowledges in his response to the summary judgment motion, the EEOC issued Plaintiff a right-to-sue letter on July 6, 2018. Plaintiff filed this action in state court on November 5, 2018, more than 90 days after the letter was issued. He contends

this action is timely because he filed it within 60 days of receiving an October 10, 2018 right-to-sue letter from the Texas Workforce Commission (TWC).

Defendants maintain that Plaintiff cannot rely on the TWC letter because it provided authority to file Texas Commission on Human Rights Act (TCHRA) claims only. The Court agrees. The letters are not interchangeable. The Fifth Circuit has stated that receipt of a TWC letter does not trigger the EEOC ninety-day filing period. *See Vielma v. Eureka Co.*, 218 F.3d 458, 466–67 (5th Cir. 2000). "Receipt of the federal letter appears to be the exclusive mechanism for commencing the federal filing period." *Id.* at 466. As Plaintiff did not file his lawsuit within 90 days of receiving the EEOC right-to-sue letter, the Court concludes that Plaintiff's Title VII claims are untimely as a matter of law.

In addition, Defendant Marx asserts she is entitled to summary judgment on Plaintiff's Title VII claims because individuals are not liable under Title VII. Plaintiff responds that Marx "cannot escape liability in her individual capacity." The Court agrees with Marx. "Individuals are not liable under Title VII in either their individual or official capacities." *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003). Defendants are entitled to summary judgment on Plaintiff's Title VII claims.

In sum, the Court has concluded that Defendants are entitled to summary judgment on all of Plaintiff's claims. Plaintiff has a pending motion for referral to a magistrate judge for mediation (Doc. 94). The Court **denies** that motion as moot in light of the Court's decision that Defendants are entitled to summary judgment on all of Plaintiff's claims.

**SO ORDERED**.

Signed October 27, 2021.

Ada Brown
UNITED STATES DISTRICT JUDGE